# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **JEFFERY MARX #716623** | § | |
| | § | |
| **V.** | § | **A-17-CA-616-SS** |
| | § | |
| **SAM OATMAN AND THE** | § | |
| **MUNICIPALITY OF BURNET, TEXAS** | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE SAM SPARKS
        UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

## STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Estelle Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff was convicted in Burnet County, Texas of aggravated sexual assault of child and sentenced to 23 years in prison on April 25, 1995. Plaintiff was subsequently convicted of aggravated sexual assault of a child and sentenced to life in prison on June 23, 1998.

Plaintiff alleges Burnet County District Attorney Sam Oatman used an illegal statement that was not electronically recorded in Plaintiff's criminal proceedings. Plaintiff further alleges he was not given any warnings of his rights on an electronic recording. Plaintiff argues Burnet County

through its judges have allowed his two convictions to stand, violating Plaintiff's constitutional rights. Plaintiff sues District Attorney Oatman and Burnet County. Plaintiff seeks a declaration that his constitutional rights were violated and an injunction ordering the defendants to stop his illegal confinement. Plaintiff also seeks an unspecified amount of monetary damages.

DISCUSSION AND ANALYSIS

A.      Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.      Prosecutorial Immunity

Plaintiff's claims against District Attorney Oatman are barred by prosecutorial immunity. Prosecutors are absolutely immune from liability under the federal civil rights statutes with regard to actions taken by them within the course and scope of representing the governmental agencies and subdivisions in judicial proceedings. Under the doctrine of prosecutorial immunity, a prosecutor is absolutely immune in a civil rights lawsuit for any action taken in connection with a judicial

2

proceeding. Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993); Burns v. Reed, 500 U.S. 478, 487-92 (1991); Imbler v. Pachtman, 424 U.S. 409, 427-31 (1976). "[A]cts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protection of absolute immunity." Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994) (quoting Buckley v. Fitzsimmons 509 U.S. at 273). Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process. Boyd, 31 F.3d at 285; Graves v. Hampton, 1 F.3d 315, 318 (5th Cir. 1993). Thus, a prosecutor is immune from civil rights liability for actions taken in connection with a judicial proceeding, even if taken maliciously. Brummett v. Camble, 946 F.2d 1178, 1181 (5th Cir. 1991), cert. denied, 504 U.S. 965 (1992); Rykers v. Alford, 832 F.2d 895, 897 (5th Cir. 1987).

The Court recognizes that not all prosecutorial functions are protected. In Imbler, the Court declared that absolute immunity applied to a prosecutor's actions in "initiating a prosecution and in presenting the State's case." Imbler, 424 U.S. at 431. This immunity protected the alleged knowing use of false testimony at trial and the alleged deliberate suppression of exculpatory evidence. In Imbler, the Court left open the issue of whether absolute immunity applied to administrative or investigative acts. However, in Burns, the Court answered that question, stating that absolute immunity does not apply to investigative or administrative acts performed by prosecutors. Burns, 500 U.S. at 493.

In the case at hand, Plaintiff challenges actions taken by the prosecuting attorney during Plaintiff's criminal proceedings which are clearly protected by prosecutorial immunity. In this action Plaintiff does not allege any actions taken by the defendant that were outside the course and scope

of representing the District Attorney's Office in Plaintiff's criminal proceedings. Therefore, District Attorney Oatman is protected by absolute immunity.

C.     Heck v. Humphrey

Plaintiff's remaining claims seeking monetary damages for his alleged illegal confinement must be dismissed pursuant to Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) and the Fifth Circuit's application of Heck to state prisoner § 1983 lawsuits in Boyd v. Biggers, 31 F.3d 279 (5th Cir. 1994). In Heck, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

In this case Plaintiff does not allege that his conviction or sentence has been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus. Plaintiff's recitation of the procedural history in this case indicates just the opposite. Accordingly, Plaintiff's remaining claims for monetary damages regarding his alleged illegal confinement should be dismissed without prejudice to refile once the conditions of Heck are met.

D.     Habeas Claims

To the extent Plaintiff seeks his immediate release or a declaration that his convictions are illegal, he must seek such relief in an application for habeas corpus relief. The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is habeas corpus relief. Preiser v. Rodriguez, 411 U.S. 475, 488-490 (1973). The Court declines to construe this action as a request for habeas corpus relief. Plaintiff previously filed

applications for habeas corpus relief in federal court challenging his convictions.  See Marx v. Stephens, No. 14-CV-963-SS (W.D. Tex. Mar. 19, 2015) (application challenging conviction out of Burnet Co. No. 7723 dismissed as time-barred); Marx v. Cockrell, No. A-01-CV-440-SS (W.D. Tex. Mar. 27, 2002) (application challenging conviction out of Burnet Co. No. 7693 dismissed as time-barred).  Until the Fifth Circuit grants permission to file a successive habeas application, this Court is without jurisdiction over Plaintiff's claims seeking habeas corpus relief.  See United States v. Fulton, 780 F.3d 683 (5th Cir. 2015) (holding the district court does not have jurisdiction to consider a successive § 2255 motion and remanding to the district court with instructions to dismiss the successive motion for want of jurisdiction).

<u>RECOMMENDATION</u>

It is therefore recommended that Plaintiff's claims seeking monetary damages against Defendant Oatman in his individual capacity be dismissed with prejudice as frivolous and Plaintiff's remaining claims seeking monetary damages be dismissed without prejudice to refile once the conditions of Heck are met pursuant to 28 U.S.C. § 1915(e).  It is further recommended that Plaintiff's claims seeking habeas corpus relief be dismissed without prejudice to refiling after Plaintiff is granted permission from the Fifth Circuit Court of Appeals to file a successive habeas application.

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge

of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders. See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the TDCJ - Office of the General Counsel and the keeper of the three-strikes list.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)©. Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

SIGNED this 28th day of June, 2017.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE